JOHN C. KEBABIAN vs. ADAMS EXPRESS COMPANY et al.

MAY 23, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

Replevin.    Pleading and Practice.    Liens.

In an action of replevin, the pleas setting up a lien in favor of the defendant, upon the goods, the plaintiff having proved his ownership and right to possession makes a prima facie case, and the burden of proving the liens is on the defendant.

Pleading and Practice.    Bill of Exceptions.    New Trial.

While the court and practice act gives the Superior Court jurisdiction of motions for a new trial in certain cases, it does not prescribe that such a motion must be made, where exception has been taken to a nonsuit, before a bill of exceptions can be taken to the Supreme Court.

*Pleading and Practice.   Bill of Exceptions.   New Trial.*

The prayer for a new trial appended to a bill of exceptions taken to the Supreme Court does not vitiate the proceedings.

PER CURIAM.   It does not appear that the goods in question, whether they were included in terms in the lease to Dieter or not, were ever delivered to him prior to the service of the writ. The plaintiff, having proved his ownership and right to possession, has made a *prima facie* case.   The burden of proving the liens set up by the pleas is on the defendant.   The nonsuit was therefore improperly granted.   While the court and practice act gives the Superior Court jurisdiction of motions for a new trial in certain cases, it does not prescribe that such a motion must be made where exception has been taken to a nonsuit before a bill of exceptions can be taken to this court. The prayer for a new trial appended to the bill of exceptions does not vitiate the proceeding.

The exceptions are sustained, and the case is remanded to the Superior Court for a new trial.

*John W. Sweeney,* for plaintiff.

*Harry B. Agard,* for defendant.